IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 14 C 9245 |
| v. | Judge Virginia M. Kendall |
| RON COLLINS, | |

## MEMORANDUM OPINION AND ORDER

Petitioner Ron Collins moved under 28 U.S.C. § 2255 for the Court to vacate, set aside, or correct his conviction or sentence. He is currently serving a sentence of three hundred sixty months imprisonment after a jury convicted him of conspiring to possess with intent to distribute and to distribute cocaine. In his Section 2255 petition, Collins asserts that (1) the law he was convicted under is unconstitutional; (2) the Government engaged in selective and vindictive prosecution; and (3) his attorney was ineffective for failing to object to the admission of tape recordings and testimony about coded drug language, failing to explain the legal concept of conspiracy, failing to request a *Sears* instruction, failing to cross examine Flores, and failing to investigate. For the reasons expressed therein, the Court denies Collins's motion for relief under Section 2255. (Dkt. No. 1.)

## BACKGROUND

On August 6, 2009, a grand jury issued an indictment against Collins for one count of conspiracy to possess with intent to distribute and to distribute five or more kilograms of

cocaine. (R. at 1.)[1] On June 7, 2011, a jury found Collins guilty of the one count in the indictment. (R. at 141.) The Court sentenced Collins to three hundred sixty months imprisonment on September 7, 2011. (R. at 161.) Collins appealed his sentence arguing that the Court erred by admitting evidence of tape recordings, allowing an expert to testify regarding coded drug-dealing language on the tapes, and finding that he was a manager or supervisor at sentencing. *See United States v. Collins*, 715 F.3d 1032 (7th Cir. 2013). On July 16, 2013, the Seventh Circuit issued its opinion affirming Collins's conviction and sentence on all three issues. *Id.* Collins filed a petition for certiorari with the Supreme Court which was denied. He subsequently filed this motion to vacate, set aside, or correct his sentence or conviction under 28 U.S.C. § 2255. (Dkt. No. 1.)

## DISCUSSION

### I. Procedural Default

The Court is construes Collins's motion for collateral relief liberally because he is pro se. *See Smith v. Dart*, 803 F.3d 304, 311 (7th Cir. 2015). Collins first argues that the drug conspiracy federal law, 21 U.S.C. 846 under which he was convicted is unconstitutional, and secondly, that the Government engaged in selective and vindictive prosecution. Collins contends that 21 U.S.C. § 846 is vague and includes elements that determine the maximum sentencing range which were not submitted to the jury. He further argues that the Government committed selective and vindictive prosecution because it prosecuted him but not Pedro Flores. Yet, Collins did not submit these attacks to 21 U.S.C. § 846 or his claims of selective and vindictive prosecution in his appeal to the Seventh Circuit on direct appeal; accordingly, unless he can demonstrate cause and prejudice, or that a fundamental miscarriage of justice will result if the

---

[1] Citations to Collins's criminal case (09 CR 673) are referred to as "R." followed by the docket number. Citations to this civil case are referred to as "Dkt. No." followed by the docket number.

Court does not consider these claims, he procedurally defaulted these arguments. *Bousley v. United States*, 523 U.S. 614, 622 (1998)( "Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either 'cause' and actual 'prejudice,' or that he is 'actually innocent.'") (internal citations omitted) *See also United States v. Fleming*, 676 F.3d 621, 625 (7th Cir. 2012); *Torzala v. United States*, 545 F.3d 517, 522 (7th Cir. 2008) ("A claim that has been procedurally defaulted ordinarily may only be raised in a § 2255 proceeding if the defendant demonstrates that he is 'actually innocent,' or that there is 'cause' and actual prejudice.").

In his brief, Collins failed to explain why he did not make these arguments on direct appeal and failed to present any reason for his failure to raise them on direct appeal. Even if he could show cause as to why he failed to allege them on appeal, he has failed to show how he was actually prejudiced from the failure to appeal these two issues. He further does not allege that failure to allow him to present these claims would result in a fundamental miscarriage of justice or that he is actually innocent. As a result, Collins has failed to show cause and prejudice, miscarriage of justice, or actual innocence and so his claim attacking the constitutionality of 21 U.S.C. § 846 and his claim of selective and vindictive prosecution are barred.

## II. Ineffective Assistance of Counsel

Collins suggests that his trial counsel was ineffective because he failed to explain to him the law about conspiracy, did not object to testimony about coded drug language, did not move for a *Sears* instruction, failed to object to the admission of tape recordings, did not cross examine Flores, and did not sufficiently investigate. Although Collins did not assert his ineffective assistance of counsel claims on appeal, they may be brought for the first time on a Section 2255 motion because they often involve evidence outside the trial record. *See Massaro v. United*

*States*, 538 U.S. 500, 504 (2003) ("We hold that an ineffective-assistance-of-counsel claim may be brought in a collateral proceeding under § 2255, whether or not the petitioner could have raised the claim on direct appeal."); *United States v. Flores*, 739 F.3d 337, 341 (7th Cir. 2014). Nonetheless, "issues raised on direct appeal may not be reconsidered on a § 2255 motion absent changed circumstances." *Vinyard v. United States*, 804 F.3d 1218, 1227 (7th Cir. 2015) (quoting *Varela v. United States*, 481 F.3d 932, 935 (7th Cir. 2007)).

Under *Strickland v. Washington*, a defendant's Sixth Amendment right to counsel is violated when (1) counsel's performance was deficient, meaning "counsel made errors so serious that counsel was not functioning as the counsel guaranteed the defendant by the Sixth Amendment"; and (2) counsel's deficient performance prejudiced the defendant such that but for the deficiency, there is a reasonable probability that the result of the proceedings would have been different. 466 U.S. 668, 687 (1984). For the performance prong, the "[C]ourt must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance" and presume that it is a "sound trial strategy." *Id.* at 689; *see Menzer v. United States*, 200 F.3d 1000, 1003 (7th Cir. 2000). A defendant must identify specific acts or omissions by counsel that constitute ineffective assistance, and the Court then determines whether they are outside the wide range of professionally competent assistance based on all the facts. *See Menzer*, 200 F.3d at 1003. The Court must resist the urge to "Monday morning quarterback" by questioning counsel's decisions with the benefit of hindsight, but rather evaluate counsel's performance based on her perspective at the time. *See Strickland*, 466 U.S. at 690; *Harris v. Reed*, 894 F.2d 871, 877 (7th Cir. 1990). The strong presumption in favor of finding counsel's performance competent grants the greatest protection to "strategic choices made after

4

thorough investigation of law and facts relevant to plausible options[.]" *Strickland*, 466 U.S. at 690.

The prejudice prong of *Strickland* requires the defendant to prove that there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." *United States v. Starnes*, 14 F.3d 1207, 1210 (7th Cir. 1994) (quoting *United States v. Moralez*, 964 F.2d 677, 683 (7th Cir. 1992)). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. In determining this probability, the Court "must consider the totality of the evidence before the judge or jury." *Id.* at 695.

### A. Failure to Object to Admission of Tape Recordings and Testimony about Coded Drug Language

Collins contends that his counsel was ineffective for failing to object to the admission of tape recordings and testimony about coded drug language. The Government asserts that the Court cannot consider these arguments in Collins's Section 2255 petition because he is procedurally barred from bringing them before this Court since he already submitted them to the Seventh Circuit on appeal. But Collins's claims here are not identical to those submitted on appeal because on appeal, Collins argued that the Court erred in admitting the tape recordings and testimony about coded drug language whereas here Collins brings an ineffective assistance of counsel claim. *See Collins*, 715 F.3d at 1035-38. This distinction does not save Collins's arguments, however, because under the performance prong of *Strickland* Collins must establish that his attorney's failure to object to admission of the tape recordings and testimony about coded drug language was outside the wide range of reasonable professional assistance. *See Strickland*, 466 U.S. at 689. The Seventh Circuit's finding that the Court properly admitted this

evidence confirms that Collins's attorney made a reasonable professional decision to not object to their admission. The Court therefore finds that Collins's counsel did not violate his right to effective assistance of counsel by failing to object to admission of the tape recordings and testimony regarding coded drug language.[2]

### B. Failure to Explain Law of Conspiracy

Next, Collins opines that his attorney was ineffective because he failed to explain the law of conspiracy to Collins. Collins purports that he would have pleaded guilty if his attorney had provided him notice of the legal definition of conspiracy but cites to no evidence in support of this proposition. Even if Collins put forth evidence that his attorney's performance was deficient because he failed to advise him about the law of conspiracy, "[i]n the context of pleas a defendant must show the outcome of the plea process would have been different with competent advice." *Lafler v. Cooper*, 132 S.Ct. 1376, 1384 (2012). Specifically, "a defendant must show that but for the ineffective advice of counsel there is a reasonable probability that the plea offer would have been presented to the court,…that the court would have accepted its terms, and that the conviction or sentence, or both, under the offer's terms would have been less severe than under the judgment and sentence that in fact were imposed." *Id.* at 1385. Collins presented no such evidence but only baldly claimed that he would have pled guilty after his attorney had described to him the legal concept of conspiracy, which is insufficient to establish that he was prejudiced by his attorney's allegedly deficient performance. As such, the Court holds that even if Collins's attorney's performance was deficient because he did not advise him about the legal meaning of conspiracy, Collins has failed to demonstrate that the potential deficiency prejudiced Collins and thus no Sixth Amendment violation occurred.

---

[2] The Court adds that to the extent Collins reasserts his arguments about whether the tape recordings and testimony about coded drug language should have been admitted, he is barred from doing so because the Seventh Circuit already addressed them. *See Vinyard*, 804 F.3d at 1227.

## C. Failure to Request a *Sears* Instruction

Collins claims that his attorney deprived him of effective assistance of counsel because he did not request a *Sears* jury instruction with respect to Collins's conversations with Pedro Flores, a government informant. But as the Government correctly points out, a *Sears* instruction would have been inappropriate. A *Sears* instruction "informs the jury that a defendant's agreement with a government agent cannot support a charge of criminal conspiracy." *United States v. Tanner*, 628 F.3d 890, 906 (7th Cir. 2010). It is "appropriate whenever a jury might find a conspiracy between a defendant and a government agent, however short the period of time in which the agent worked for the government." *Id.* Collins was charged with conspiring "[b]eginning in or about 2005, and continuing until at least in or about November 2008" to possess with intent to distribute and to distribute cocaine. (R. at 1.) Flores began cooperating with the Government in the fall of 2008. *Collins*, 715 F.3d at 1034. After meeting with a DEA agent on November 6, 2008, Flores recorded conversations between himself and Collins per the agent's instructions. *Id.* In short, Collins was convicted of conspiring before Flores began cooperating with the Government. A *Sears* instruction therefore was unnecessary because Collins's conversations with Flores were not part of the charged conspiratorial conduct, and Collins's attorney made a reasonable professional decision to not request a *Sears* instruction because it would have been improper. The Court thus holds that Collins's attorney did not deprive him of effective assistance of counsel for failing to request a *Sears* instruction.

## D. Failure to Cross Examine Flores

According to Collins, his counsel was ineffective because he did not cross examine Flores and consequently deprived Collins of his Sixth Amendment right to confront Flores. The Government did not call Flores as a witness so Collins had no opportunity to cross examine him.

7

Moreover, the decision by Collins's attorney not to call Flores as an adverse witness is a reasonable strategic decision that is protected from Sixth Amendment attacks under *Strickland* because Flores was cooperating with the Government and Collins provides no evidence of what Flores would have testified to, let alone how his testimony would have aided Collins's defense. *See Strickland*, 466 U.S. at 689; *United States v. Muehlbauer*, 892 F.2d 664, 669 (7th Cir. 1990) (attorney did not perform deficiently for failing to call witness because there was no evidence of what witness's testimony would have been). A party is further barred from calling a witness solely to impeach that witness. *See United States v. Webster*, 734 F.2d 1191, 1192 (7th Cir. 1984); *see, e.g., United States v. Finley*, 708 F.Supp. 906, 909 (N.D. Ill. 1989). The Court thus rejects Collins's argument that his counsel violated his Sixth Amendment right to effective assistance of counsel by failing to cross examine Flores who was never called as a witness against him in his trial.

### E.     Failure to Investigate

Collins's final ineffective assistance of counsel argument proposes that his attorney violated his Sixth Amendment right by failing to investigate. He claims that his attorney "simply failed to investigate" the evidence involved in his case, but offers no evidence that his attorney would have uncovered had he investigated and does not explain how that new evidence would have helped him at trial. "[A] petitioner alleging that counsel's ineffectiveness was centered on a supposed failure to investigate has the burden of providing the court sufficiently precise information, that is, a comprehensive showing as to what the investigation would have produced." *Hardamon v. United States*, 319 F.3d 943, 951 (7th Cir. 2003) (quotation omitted). Collins failed to satisfy this burden as he has produced nothing to the Court that his attorney

8

would have discovered upon investigation. The Court therefore finds that Collins's claim that his attorney was ineffective for failing to investigate fails.[3]

## **CONCLUSION**

For the reasons stated above, the Court denies Collins's motion to vacate, set aside, or correct his sentence or conviction under 28 U.S.C. § 2255. (Dkt. No. 1.)

_____
Virginia M. Kendall
United States District Court Judge
Northern District of Illinois

Date: 4/12/2016

---

[3] In his reply, Collins argues that his counsel was ineffective for failing to object to the drug amount and explain the sentencing enhancement under U.S.S.G. § 3B1.1. (Dkt. No. 13.) Collins waived these arguments because he raised them for the first time in his resply. *See Gonzales v. Mize*, 565 F.3d 373, 382 (7th Cir. 2009); (Dkt. No. 14) (interpreting Dkt. No. 13 at Collins's reply).